SHERIFF ABEL v. GODFEY & NASH.

The statute in favor of poor prisoners who have taken the oath is to have a reasonable construction.

ACTION upon a note for £50, dated 18th of January 1788.

Plea in bar — That having prayed oyer of said note it hath conditions thereto annexed, which are as follows, viz. Whereas said Godfrey is imprisoned on an execution in favor of M'Donald against him for £   ; now if the said Godfrey shall abide a true and faithful prisoner on said execution, until released by due order of law, then said note shall be void, etc. and that said Godfrey did abide a true and faithful prisoner on said execution.

The plaintiff replied — That said Godfrey did not abide a true and faithful prisoner on said execution, but on the 7th day of February did make his escape from gaol without the consent of said gaoler.

The defendant rejoined — That on the 31st of January A. D. 1788, between the hours of four and five o'clock in the afternoon, said Godfrey took the oath provided for poor imprisoned debtors, and continued in gaol until after breakfast on the 8th day of February A. D. 1788 and between the hours of nine and ten o'clock A. M. of said day, there being

no money left for his support, he went out of gaol, with the consent and permission of the gaoler as well he might, which is the same escaping from prison alleged in the plaintiff's reply.

The plaintiff sur-rejoined — That the allowance per week for such debtors was five shillings six pence, and that said Godfrey took said oath at four o'clock on said 31st of January at which time the creditor paid to said gaoler six shillings for his support, and said money was not expended when said Godfrey made his escape from prison — without that that said Godfrey continued in gaol until between the hours of 9 and 10 A. M. of the 8th of said February and did then go out of gaol with the consent and permission of the gaoler.

The defendant rebutted — That said Godfrey did continue in gaol until between the hours of 9 and 10 A. M. of the 8th of said February and then went out with the consent and permission of the gaoler. Issue to the jury.

The jury found that said Godfrey did continue in gaol until the 8th of February A. D. 1788, and between the hours of 9 and 10 A. M. of said day went out of gaol without the consent and permission of the gaoler and found for plaintiff £50.

The defendant moved in arrest — That the issue was immaterial; for that said Godfrey had right to go out of gaol when he did without the consent of the gaoler.

By the COURT. The motion in arrest is insufficient and the plaintiff must have judgment.

The statute is to have a reasonable construction, and although made upon principles of humanity of poor imprisoned debtors, yet it is not to be so construed as to become a trap to defraud the creditor. The money left was sufficient to pay for his breakfast, and he could not be in want of support until that was digested. See Sheriff Fitch v. Cook, New Haven, August Term, 1791.